Cheshire, July 6, 1948. } No. 3733.

HENRY J. PLANTE *v.* IVON R. WENDELL.

*Roy M. Pickard* (by brief and orally), for the plaintiff.

*Homer S. Bradley* (by brief and orally), for the defendant.

KENISON, J.   The pivotal issue in this proceeding is the ruling of the trial court that "whatever the O. P. A. regulations may be, the state court is not controlled by them."   The Emergency Price Control Act of 1942 (50 U. S. C. A. App. s. 901 *et seq*), as amended, has been held to be constitutionally valid as applied not only to private owners (*Yakus* v. *United States*, 321 U. S. 414; *Bowles* v. *Willingham*, 321 U. S. 503) but also to a state which sells timber from its school lands. *Case* v. *Bowles*, 327 U. S. 92.   At the time this case was considered by the Trial Judge he may have relied on *Testa* v. *Katt*, 71 R. I. 472, in making his ruling.   Subsequently, however, the case was reversed by the United States Supreme Court in *Testa* v. *Katt*, 330 U. S. 386, where it decided that a state court was precluded by the supremacy clause of the Federal Constitution from declining to enforce the act and the regulations issued thereunder.   That case is binding on the parties to the litigation and all courts in the state.

The precise question in this proceeding has not been decided in the cases cited.   Here the defendant claims as a defense that the price per thousand for the logs exceeded the ceiling price under the applicable regulation.   Maximum Price Regulation No. 533-5 effective May 15, 1944; 9 Federal Register 5238.   The plaintiff denies the materiality of the regulation but in any event claims the transaction comes within an exception therein as a sale of an entire business.   While there is not much authority in point it is now apparent that the regulation is material and the facts of the case should be decided in order to determine its applicability.   See Sleigh, Violation of O. P. A. Regulations as Defense in Contract Action, 28 B. U. Law Rev. 22 (1948).

The consideration stated in the deed from the plaintiff to the defendant was "one and more dollars."   Defendant objected to the admission of testimony as to the amount of the consideration agreed upon between the parties on the ground that it violated the parol evidence rule.   The Trial Court overruled this objection and we per-

ceive no error therein. The introduction of such evidence is consistent with *Pomeroy* v. *Baily*, 43 N. H. 118, 121, and *Steinfield* v. *Monadnock Mills*, 81 N. H. 152, 154. The stated consideration was obviously not a complete integration of the agreements between the vendor and the vendee. The modern rule, which is supported by the great weight of authority, has been stated in 1 Williston, Contracts, (*Rev. ed.*) *s.* 115A as follows: "And, generally, at the present time, even though the consideration in fact was entirely different from the consideration named in the deed, and not merely additional to it, the truth may be shown for any purpose except the impeachment of the validity of the deed for lack of consideration, unless the stated consideration is promissory in character and not merely a recital of fact." In the present case the stated consideration was a recital of fact and the parol evidence rule was no obstacle to the introduction of testimony showing the true consideration. The same thought has been expressed by another commentator of equal authority. "A recital of consideration received, when it occurs in a deed of grant, is usually intended merely as a written acknowledgement of the distinct act of payment, and the real consideration is often desired not to be disclosed. Hence it is not an embodiment of an act 'per se' written and may be disputed like any other admission." 9 Wig., Ev. (3d *ed.*) *s.* 2433.

This is not a case where the written instrument embodies the complete agreements (*Connell* v. *Company*, 88 N. H. 316; *Baranowski* v. *Linatsis, ante*, 55, and therefore, the general rules stated above apply. Corbin, The Parol Evidence Rule, 53 Yale L. J. 603, 638, 640; Restatement, Contracts *s.* 82.

If the pending litigation is not otherwise settled, a new trial is necessary for the reason stated in the second paragraph of the opinion. The defendant's remaining exceptions are overruled.

*New trial.*

All concurred.